UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

| | |
|---|---|
| **Neulan Midkiff,** | **Civil No. 06-cv-1474 (JNE/SRN)** |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| **Rachel K. Paulose,** | |
| Defendant. | |

___

Neulan Midkiff, pro se

Lawrence D. Kudej, Esq., on behalf of Defendant Rachel K. Paulose.

___

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Defendant Rachel K. Paulose's Motion to Dismiss (Doc. No. 10.) This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

**I.   BACKGROUND**

Plaintiff Neulan Midkiff ("Plaintiff") is a private citizen of the state of Minnesota. (Compl. at 1.) Defendant is the United States Attorney for the District of Minnesota. (Id.) On January 20, 2006, Plaintiff received a letter from the office of the United States Attorney for the District of Minnesota which informed him that he is currently the "target" of an ongoing federal grand jury investigation.

1

(Compl., Ex. A.) On April 18, 2006, Plaintiff filed a "Petition for a Writ of Prohibition and for Declaratory and Injunctive Relief" alleging that Defendant, in her capacity as the United States Attorney for the District of Minnesota,

> has been and is engaging in a number of unconstitutional practices and has been and is ignoring various requirements of the Federal Rules of Criminal Procedure, various judicial decisions and admonishments, and the original intent of the authors of the indictment by Grand Jury Clause of the Fifth Amendment, U. S. Constitution.

(Compl. at 2.) The Court will construe Plaintiff's Petition as a civil Complaint. In his Complaint, Plaintiff asserts six claims[1]:

1. "Coerced Plea": Plaintiff asserts that the Defendant plans to coerce him into pleading guilty to the charges contained in an allegedly forthcoming criminal indictment and that "[a] coerced guilty plea violates the defendant's rights and is not consistent with due process." (Compl. at 3.) As a remedy, Plaintiff seeks a ruling that "the practice of threatening a man with the indictment of his wife is unconstitutional." (Compl. at 9.)

2. "Challenge to the Array": Plaintiff contends that the practice in the District of Minnesota of not recording the names of grand jurors prevents him from challenging the grand jury array under Federal Rule of Civil Procedure 6(b)(1). (Compl. at 4-5.) As a remedy, Plaintiff seeks an order compelling Defendant to provide him with "a ballot or concurrence form with the *names* of those who vote to indictment him." (Compl. at 10.) (emphasis in original)

3. "Multiplicity": Plaintiff alleges that Defendant engages in "the splitting of offenses ... in order to make a defendant think he committed more than one crime in order to induce a guilty plea." (Compl. at 3.) Plaintiff asserts that this practice "has been unlawful for well over one hundred years." (Id.) Plaintiff seeks an order "prohibiting the 'stacking' of bogus charges (multiplicity)" on his allegedly forthcoming indictment. (Compl. at 10.)

4. "Listing of Overt Acts Not in Furtherance of a Conspiracy": Plaintiff alleges that Defendant engages in the "listing of overt acts in part of a conspiracy charge that have absolutely nothing to do with an act in furtherance of a conspiracy ... to confuse and

---

[1]This restatement of Plaintiff's claims represents the Court's best attempt to faithfully construe Plaintiff's allegations.

mislead the jury into thinking that the defendant 'did all this, he must be guilty of *something*.'" (emphasis in original) (Compl at 2.)  Plaintiff recognizes that he can seek a Bill of Particulars to determine how each charged overt act furthers the conspiracy. (Compl. at 5.)  Nonetheless, he asserts "since the granting of a bill of particular (sic) is within the discretion of the trial judge, such motions are rarely granted."  (Compl. at 6.) Therefore, he requests an order prohibiting the placing of overt acts not in furtherance of any conspiracy on his allegedly forthcoming indictment.  (Compl. at 10.)

5. "Failure to Honor Original Intent of Indictment by Grand Jury": Plaintiff alleges that "the idea that a government attorney could conduct grand jury proceedings resulted from Congress amending the Fifth Amendment via ordinary legislation."  (Compl. at 6.)  As a remedy, Plaintiff seeks an order "prohibiting the United States Attorney of (sic) any of her Assistant United States Attorneys from the practice of instructing the grand jury in the law and conducting the proceedings as if said Attorney were a party to them." (Compl. at 10.)

6. "Bribing Witnesses for Testimony": While this claim is unclear, it appears that Plaintiff asserts that the practice of "bribing witnesses with lighter sentences in exchange for their testimony" is contrary to the original intent of the Sixth Amendment to the United States Constitution.  (Compl. at 9.)  Moreover, Plaintiff alleges that Congress has unlawfully amended the United States Constitution by enacting legislation which permits the testimony of witnesses who have engaged in such exchanges.  (Id.)  Therefore, Plaintiff seeks an injunction against the use of "witnesses who have an interest in the outcome of the proceedings."  (Compl. at 10.)

The parties do not dispute that Plaintiff has not yet been indicted by any grand jury. Nonetheless, Plaintiff asserts that he "is well aware that he will be indicted."  (Compl. at 2.)  On July 10, 2006, Defendant filed her Motion to Dismiss which is presently before the Court.  (Doc. No. 10.) Plaintiff submitted his Response on July 25, 2006.  (Doc. No. 18.)

**II.   PARTIES' POSITIONS**

Defendant argues that the Court should dismiss Plaintiff's Motion under Federal Rules of Civil

3

Procedure 12(b)(1) and 12(b)(6) because[2]: 1) the claims alleged in this case are not ripe for adjudication; 2) sovereign immunity bars this suit against Defendant for actions taken in her official capacity as United States Attorney for the District of Minnesota; and 3) the Court lacks subject matter jurisdiction over this matter. (Def's. Mot. Dismiss at 1, Def's Mem. Supp. Mot. Dismiss at 2.)

First, Defendant argues that the Court should dismiss this case because it does not state a single claim that is ripe for adjudication. (Def's Mem. Supp. Mot. Dismiss at 2.) Defendant maintains that "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (Id. at 7) (quoting KCCP Trust v. City of North Kansas City, 432 F.3d 897, 899 (8th Cir. 2005)). Plaintiff's claims meet these criteria, according to Defendant, because they rest on the grand jury's possible future indictment of Plaintiff, a contingent future event. (Id. at 8.) Therefore, Defendant contends that "any alleged harm is entirely speculative and rests upon future events that may not occur at all." (Id.)

Second, Defendant maintains that this suit is barred by sovereign immunity. (Id. at 10.) Defendant argues that Plaintiff has brought constitutional claims against Defendant in her official capacity as United States Attorney and that such claims are "tantamount to an action against the United States itself." (Id.) Next, Defendant contends that the United States must waive sovereign immunity to permit actions against itself to proceed and, as the United States has not done so in this case, this case is

---

[2] Defendant initially raised additional defenses including improper service, absolute and qualified immunity and the lack of appropriate remedy in an action under under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403, U.S. 388 (1971). (Def's. Mot. Dismiss at 1, Def's Mem. Supp. Mot. Dismiss at 2.) However, at the motion hearing, Defendant withdrew these defenses after acknowledging that Plaintiff's suit does not seek monetary damages.

4

barred by sovereign immunity.  (Id.)

Third, Defendant contends that the Court lacks subject matter jurisdiction over this action because the action is barred by sovereign immunity.  (Id. at 8.)  Defendant asserts that the statutes on which Plaintiff relies for jurisdiction, 28 U.S.C. §§ 1331, 1361, 2201 and 2202, do not constitute a waiver of sovereign immunity and therefore, standing alone, these statutes cannot confer jurisdiction over this matter.  (Compl. at 1, Def's Mem. Supp. Mot. Dismiss at 8-10.)  Defendant acknowledges that, under 28 U.S.C. § 1361, the mandamus statute, no separate waiver of sovereign immunity is required when a plaintiff requests a writ of mandamus to compel a public official to conduct a clearly nondiscretionary, ministerial duty required in his, or her, official capacity.  (Def's Mem. Supp. Mot. Dismiss at 20.)  However, Defendant maintains that, in order to qualify under this "narrow exception," Plaintiff must demonstrate that he has "exhausted all other avenues of relief," and establish that Defendant owes him a clear nondiscretionary duty "to perform the acts that he has requested."  (Id. at 21.)  Defendant contends that Plaintiff cannot meet this standard because he has not demonstrated a clear, non-discretionary duty owed to him by Defendant and because he has not exhausted the remedies provided by the Federal Rules of Criminal Procedure and other federal law.  (Id. at 22.)

Plaintiff urges the Court to deny Defendant's motion to dismiss because 1) his claims are ripe for adjudication; 2) sovereign immunity does not bar this suit; and 3) the Court has subject matter jurisdiction over this case.

First, Plaintiff contends that his claims are ripe for adjudication because "[a]nyone who is investigated these days is indicted."  (Pl's. Mem. Opp. Mot. Dismiss at 3.)  The Court construes this argument along with the allegations made in his Complaint, as an argument that Plaintiff's future

5

indictment is not a contingency, but a certainty. In support, Plaintiff provides statistical information from the "Statistical Report, United States Attorney's Office" indicating that, from the years 1976 through 1996, the ratio of grand jury proceedings which did not return an indictment to the total number of grand jury proceedings was less than one percent. (Pl's. Mem. Opp. Mot. Dismiss at 4.) In addition, he asserts that Defendant is currently engaging in the "stacking of bogus charge and bogus 'overt acts'" and that therefore his claims are not hypothetical.

Plaintiff next addresses the sovereign immunity and lack of subject matter jurisdiction claims together. The following is the Court's best attempt to separate them. First, Plaintiff contends that sovereign immunity does not bar his suit because it pertains to suits involving money damages. (Id. at 6.) He also argues that he qualifies for the Larson-Dugan exception under which "sovereign immunity does not apply as a bar to suits alleging that an officer's actions were unconstitutional or beyond statutory authority, on the grounds that 'where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions.'" (Id. at 6-7.)(*citing* Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949); Dugan v. Rank, 372 U.S. 609, 621-23 (1963)).

He then argues that Defendant is confusing "substantive rights" and "jurisdiction" and that 28 U.S.C. § 1331 confers the latter but it is not a source of the former. (Id. at 5.) In addition, Plaintiff apparently maintains that he does not need a separate waiver of sovereign immunity under the mandamus statute because Defendant, as a United States Attorney, has a duty to "refrain from violating 18 U.S.C. § 13 (the Assimilated Crimes Act), 18 U.S.C. §§ 241 and 242 (conspiracies and acts against the rights of citizens), 18 U.S.C. § 1503 (obstruction of justice) and other federal crimes plainly

6

defined." (Pl's. Mem. Opp. Mot. Dismiss at 7.) Finally, Plaintiff asserts that the other remedies cited by Defendant are of little use to him because "no one administering them follows them." (Id. at 11.)

## III. DISCUSSION

The Court recommends that Plaintiff's Complaint be dismissed without prejudice because all of the claims alleged therein are premature and, therefore, not ripe for adjudication. The Eighth Circuit has stated that:

> The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration. Article III limits courts to deciding actual "Cases" and "Controversies," U.S. Const. art. III, § 2, thereby prohibiting them from issuing advisory opinions.

Pub. Water Supply Dist. No. 8 v. City of Kearney, 401 F.3d 930, 932 (8th Cir. 2005) (internal quotations omitted). "The doctrine seeks to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Paraquad v. St. Louis Housing Authority, 259 F.3d 956, 958 (8th Cir. 2001) (internal quotations omitted). "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" KCCP Trust v. City of North Kansas City, 432 F.3d 897, 899 (8th Cir. 2005) (quoting Texas v. United States, 523 U.S. 296 (1998)). Accordingly, courts examining the ripeness of a particular case must consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. (internal citations omitted). Finally, "[t]o be ripe for decision, the harm asserted must have matured enough to warrant judicial intervention. The plaintiffs need not wait until the threatened injury occurs, but the injury must be certainly impending." Paraquad, 259 F.3d at 959 (8th Cir. 2001).

The court in Ostrer v. Aronwald addressed similar claims brought against certain prosecutors who were in the course of participating in grand jury proceedings and found that the claims were not ripe for adjudication because the grand jury had not issued an indictment. 434 F. Supp. 379, 394 (S.D.N.Y 1977). In Ostrer, the plaintiffs brought suit against the United States Attorney for the Southern District of New York, the Attorney General of the United States and others, alleging, among other claims, that "Louis Ostrer [was] the victim of a campaign by defendants to obtain information from him about certain of his associates. This campaign allegedly includ[ed] threats to indict members of his family including the other plaintiffs." 434 F. Supp. at 392. In response, the plaintiffs sought "to enjoin defendants from presenting any further evidence regarding plaintiffs to the grand jury," as well as other relief. Id.

The Ostrer court ruled that plaintiffs' claim was "premature," and dismissed it without prejudice. Id. at 393. The court noted that if the grand jury refused to issue an indictment, the targets of the investigation would not have to prepare a defense and that even if the grand jury issued an indictment, those indicted would "be able to make the same claims of prosecutorial misconduct and infringement of their constitutional right to prepare an adequate defense by motions in the district court and by appeal from convictions, if any." Id. at 394 (citing Matter of Doe, 546 F.2d 498, 501 (2d Cir. 1976)).

This Court finds that Plaintiff's claims are similar to those of the plaintiffs in Ostrer and his claims are likewise premature and not ripe for adjudication. Id. at 393. All of Plaintiff's alleged injuries stem from a single event - the grand jury's alleged future indictment of Plaintiff. The Court declines to adopt Plaintiff's assertion that his future indictment is a certainty. His potential future indictment is a

...

...

contingency that is sufficiently speculative to trigger ripeness concerns. Id. The Court will address each of Plaintiff's claims in turn.

Plaintiff's first claim alleges that Defendant, in her capacity as the United States Attorney for the District of Minnesota, will coerce him into pleading guilty to the charges in a forthcoming indictment. This claim is not ripe, in part, because his claim of coercion is entirely speculative. Moreover, if the grand jury does not indict Plaintiff, he will not need to enter any plea. As Plaintiff could only suffer the alleged harm if the grand jury issues an indictment, his injury is not "certainly impending" and the issue is not ripe for adjudication. Paraquad, 259 F.3d at 959 (8th Cir. 2001).

The Court construes Plaintiff's second claim as alleging that the procedures in place in the District of Minnesota prevent him from learning the names of the grand jurors and that these procedures thereby prevent him from challenging the grand jury under Fed. R. Crim. P. 6(b)(1). Fed. R. Crim. P. 6(b)(1) reads

> Challenges. Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified.

The 2002 Advisory Committee Notes confirm that "defendant," within the meaning of the statute, only includes persons facing indictments. The Notes read in relevant part

> The first change is in Rule 6(b)(1). The last sentence of current Rule 6(b)(1) provides that "Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court." That language has been deleted from the amended rule. The remainder of this subdivision [i.e., the post-Amendment Rule 6(b)(1)] rests on the assumption that formal proceedings have begun against a person, i.e., an indictment has been returned.

Therefore, as Plaintiff falls outside the definition of "defendant" within the meaning of Rule 6(b)(1), any

challenge he would make to the grand jury that relied on Rule 6(b)(1) would not be ripe for adjudication. Accordingly, Plaintiff's claim is not ripe for adjudication.

The Court construes Plaintiff's third and fourth claims, for "multiplicity" and the listing of overt acts not in furtherance of the conspiracy, as pure speculation regarding the form and content of the allegedly forthcoming complaint. Plaintiff predicts that such an indictment would unduly influence him to plead guilty and that the inclusion in the indictment of overt acts not in furtherance of the conspiracy would cause members of the jury, if the case progressed to a jury trial, to overestimate Plaintiff's guilt. Again, these concerns are purely conjectural because the grand jury might not issue an indictment and even if it did, it is utter speculation that it would be improperly drafted. Therefore, Plaintiff's alleged injuries are not "certainly impending" and these claims are not ripe for adjudication. Paraquad, 259 F.3d at 959 (8th Cir. 2001).

Plaintiff's fifth claim, pertaining to Congresses' supposed failure to honor the alleged original intent of the Grand Jury Clause of the Fifth Amendment to the United States Constitution is similarly premature because if the grand jury does not indict Plaintiff, despite the involvement of the office of the United States Attorney for the District of Minnesota, Plaintiff will have suffered no injury. Therefore, his claim is not ripe for adjudication and must be dismissed. Paraquad, 259 F.3d at 959 (8th Cir. 2001).

Finally, Plaintiff's sixth claim, pertaining to Defendant's alleged practice of exchanging more lenient sentences for testimony, pertains on its face to his Sixth Amendment right to trial by jury. However, Plaintiff will not face a trial by jury if the grand jury does not issue an indictment against him. Therefore, this claim is not ripe for adjudication. Paraquad, 259 F.3d at 959 (8th Cir. 2001).

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motion to Dismiss (Doc. No. 10) be **GRANTED**;

2. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 27, 2006

    s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by **December 12, 2006** after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.